REQUARTH COMPANY, Plaintiff-Appellant, v. HOLLAND, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County

No. 1884—Decided April 10, 1946

Shively, Shively & Shell, Dayton, for Plaintiff-Appellant.
George F. Holland, Dayton, for Defendants-Appellees.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment for the defendants after trial had, finding for defendants and motion for new trial overruled.

The action was to set aside deed from defendant, Fred L. Holland to his wife, Sarah V. Holland, defendant, as in contra-

vention of §8618 GC. Issue was drawn as to the correctness and amount of the claim of plaintiff against defendant, his insolvency, it was denied that the deed was made without consideration, and it was the claim of defendants' that a consideration had moved from the wife to her husband, at the time the property was deeded to them jointly, and by later payments made by her for the benefit of the property.

Upon trial had both defendants testified as to statements made and acts done by them during coverture relative to the consideration for the deed. It does not appear whether or not a third person, competent to testify, was present when such statements were made and acts done.

Two errors are assigned, first, that the court should have set aside the deed as being in violation of §8618 GC, and, second, that the court erred to the prejudice of the plaintiff in admitting the testimony heretofore mentioned.

It may be observed at the outset, that if the second assignment is not well made the first fails by reason thereof because the testimony not only of defendant, Fred L. Holland, but also of his wife affords support for the conclusion of the trial judge that there was a valuable consideration moving from the wife to the husband for the deed to the property.

Appellees urge that the second error assigned is not properly presented for the reason that no objection was made to the admission of the testimony of defendants, on the specific ground that it involved confidential communications between husband and wife. An examination of the record at the time the testimony was taken lends much support to the claim of appellees. We will not take up the necessary space in this decision to demonstrate this conclusion but refer to the record which will disclose not only that the objections were made general in form but that they were not made at the place where the testimony was accepted. From the observations of court and counsel it might logically be concluded that no one at the time the objections were offered had in mind the application of the confidential communications statute to the testimony sought to be elicited. Apparently the attention of all was directed to the question whether or not the testimony as to the payment of a part of the purchase price of the property in question when made would, if true, be a valuable consideration for the conveyance. It is difficult to understand why, if the testimony as tendered was to be questioned because of its confidential character, the uncertainty as to its admissibility was not cleared up which could have been accomplished by one question as to the presence of a third person. However, there was a lapse of considerable time, and possibly

some argument between the submission of the cause and its decision by the trial judge and prior to its rendition the judge took cognizance of the objection as being directed to the specific question whether the testimony was admissible under the provisions of the privileged communications statute, namely §11494 GC. In disposing of the question the trial judge said:

"Plaintiff's objections appearing on pages 96, 97, 98 and 121 in reference to conversations between Fred Holland and his wife are overruled, for the reason that these witnesses were not interrogated concerning the presence or hearing of a third person competent to testify during the conversations, and unless the contrary is shown there is a presumption that a third person was present."

We, therefore, consider and express opinion on the admissibility of the testimony to which objection is now made. Upon the narrow question presented upon the state of the record, is a presumption to be indulged in favor of, or against, the admissibility of the testimony, the record being silent whether or not a third person was present when the conversations were had between husband and wife?

If the question was one of first impression we frankly admit we would have much difficulty with it. There is no authority in our court of last resort, or outside of Ohio, which we have been able to find which is directly in point. One Ohio case holds with the contention of appellees here, namely, **Lost, Extr. v Brunk, 18 Oh Ap 412.** The second proposition of the syllabus of this case is:

"The admission of testimony of a divorced wife cannot be made the basis of an error on the ground that the matters testified to were privileged communications under the statute (Sec. 11494, GC), where the record fails to disclose that the communications were not made or the acts not done in the known presence of a third person competent to testify, and counsel for the complaining party at the trial made no objections on the ground that the communications and acts attempted to be proved were privileged."

Judge Hamilton writing the opinion at page 418 as a predicate for his conclusion said:

"There is nothing in the record to show that the communications were not made or the acts not done in the known presence of a third person competent to be a witness."

120

This case is directly in point and is the judgment of a court of eminence and is entitled to very serious consideration.

In the first syllabus of **Westerman v Westerman, 25 Oh St 500,** the Court had under consideration the Act of April 18, 1870 (67 O. L. 113), as related to the admissibility of communications made by husband or wife one to the other, which section was substantially the same as §11494 GC. The Court there treated that part of the section following "unless the communication was made, etc." as an exception to the earlier part of the section. This lends some support to the construction adopted by the Court in Losh, Extr. v. Brunk, supra.

Appellant cites **42 O. Jur. pages 250 and 256, Sec. 247 and Sec. 253.** The notation for Sec. 247 is taken from the opinion of Upson, J., in **Sessions v Trevitt, 39 Oh St 259, at pages 267 and 268,** and manifestly is sound but is not especially helpful on the narrow question presented. Nor is In Re Wood (D. C.) 4 O. F. D. 684, from which the notation is taken in Sec. 253.

In view of the fact that we have here a judgment presumed to be valid and that such authority as we have, meager though it is, supports the ruling of the trial judge upon the controverted question, we hold that the court did not err in admitting the testimony of the defendants.

Judgment affirmed.

WISEMAN and MILLER, JJ, concur.